# EICHEN CRUTCHLOW ZASLOW & MCELROY, LLP
## ATTORNEYS AT LAW

BARRY R. EICHEN ⚖ §
WILLIAM O. CRUTCHLOW ⚖
DARYL L. ZASLOW ⚖
EDWARD MCELROY
CHRISTIAN R. MASTONDREA ‡
EVAN ROSENBERG
MATTHEW R. EICHEN

40 Ethel Road
Edison, New Jersey 08817

Tel: (732) 777-0100
Fax: (732) 248-8273

www.newjerseymedmalattorney.com
www.njadvocates.com

AFFILIATE OFFICES
TOMS RIVER
RED BANK

*Filed via ECF*
United States Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

     Re: *Rule 28(j) Letter, In re Nickelodeon Consumer Privacy Litigation, No. 15-1441*

Dear Justices,

     Google is not Adobe. Like Facebook, Google collects and maintains detailed databases of American consumers the likes of which have never been seen before. Just as Hulu was found liable for disclosures to Facebook, so too should this Court find Viacom liable for disclosures to Google.

     *Robinson* ignores the plain language of the VPPA, which prohibits the knowing disclosure of "personally identifi*able* information" to a third-party. The suffix –*able* means "capable of." It therefore captures potential. By using this suffix, the VPPA definition goes beyond *Robinson*'s intentionally limiting definition of PII – "information which itself identifies a particular person[.]"

     Instead, the plain language of the VPPA prohibits knowing disclosure to a third-party of information that has the potential (i.e. is -*able*) to identify a particular person. In effect, *Robinson* impermissibly re-writes the VPPA to prohibit only disclosure of information that is already personally identif*ied*. The statute, however, clearly precludes disclosure of personally identifi*able* information, not mere personally identif*ied* information.

     Further, the *Robinson* Court's struggle to find a "limiting" principle for PII is misplaced. Congress purposely defined PII in an open-ended fashion. The VPPA definition of PII "uses the word 'includes' to establish a minimum, but not exclusive definition of PII." S. Rep. 100-599 at 12 (1988). In searching for this limiting principle, the *Robinson* Court reaches the patently false conclusion that "virtually all information can, in the end, be identifying." Regardless, it is not the courts role to re-write statutes based on a search for a limiting principle.

     To the extent a limiting principle is necessary, the VPPA already has one: consent. A VTSP may, in fact, disclose PII to third parties. They simply have to obtain "informed, written consent" before doing so. Here, Viacom failed to get the necessary consent. As a result, this Court should find the Plaintiffs adequately stated a VPPA claim.

Finally, *Robinson* and the cases it follows are outliers. Every other federal statute containing the phrase "PII" or a similar term has been found to include persistent identifiers, including cookies, IP addresses, and Unique Device IDs. See Plaintiffs' Brief at 24.

>Respectfully submitted,
>
>/s/ Barry R. Eichen
>Barry R. Eichen, Esq.
>*Co-Lead Counsel on behalf of Plaintiffs*