
WSGR **Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Phone 415.947.2000
Fax 415.947.2099

MICHAEL H. RUBIN
Direct Dial: 650-849-3311
E-mail: mrubin@wsgr.com

**Via ECF**

November 20, 2015

Marcia M. Waldron
Clerk of the Court
UNITED STATES COURT OF APPEALS
 FOR THE THIRD CIRCUIT
The James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:** *In re Nickelodeon Consumer Privacy Litig.*, No. 15-1441, Defendant-Appellees' Rule 28(j) Submission of *Rodriguez v. Sony Computer Entm't Am., LLC*, 801 F.3d 1045 (9th Cir. 2015) and *Mollett v. Netflix, Inc.*, 795 F.3d 1062 (9th Cir. 2015)

Dear Ms. Waldron:

We write on behalf of Defendant-Appellee Google Inc. to submit as supplemental authority *Rodriguez v. Sony Computer Entm't Am., LLC*, 801 F.3d 1045 (9th Cir. 2015) and *Mollett v. Netflix, Inc.*, 795 F.3d 1062 (9th Cir. 2015).

Both cases support the conclusion that a third-party advertising server like Google cannot be liable under the Video Privacy and Protection Act ("VPPA") (18 U.S.C. § 2710) for the alleged receipt or retention of allegedly "personally identifiable information" ("PII").

In *Rodriguez*, the Ninth Circuit held that the VPPA does not provide a private right of action for retention of PII beyond the statutory time limitations. 801 F.3d at 1054-55. "The Act's legislative history and the language and structure of 18 U.S.C. § 2710 reflect that Congress limited any civil

**WSGR** Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Marcia M. Waldron
Clerk of the Court
United States Court of Appeals
 for the Third Circuit
November 20, 2015
Page 2

remedies to the unlawful *disclosure* of a consumer's personal information." *Id.* at 1055 (emphasis added). Thus, receipt or retention of PII is not actionable under the VPPA under any circumstances. *Id.* at 1054.

In *Mollett*, relatedly, the Ninth Circuit narrowly construed the VPPA to hold there is no cause of action for disclosure of PII to third parties associated with the subscriber's device or account. 795 F.3d at 1066-67. The Court thus narrowly construed the types of "disclosures" giving rise to a cause of action.

For the same reasons stated in *Rodriguez* and *Mollett*, Plaintiffs' VPPA claims against Google, based solely on Google's alleged receipt and retention of Plaintiffs' browsing information (*see* 2nd CAC ¶¶ 129-31), fail.

Moreover, with *Rodriguez* and *Mollett* the Ninth Circuit joins the Sixth and Seventh Circuits in correctly construing the VPPA to limit causes of actions solely to claims against video tape service providers who unlawfully disclose PII. *See Daniel v. Cantrell*, 375 F.3d 377, 381-82 (6th Cir. 2004) (the only private cause of action available for violation of the VPPA is provided by § 2710(b)(1)); *Sterk v. RedBox*, 672 F.3d 535, 537 (7th Cir. 2012) (same). The Court would run afoul of the statutory text and create a Circuit split if it were to construe the VPPA to hold Google liable for the Plaintiffs' allegations in this case.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Marcia M. Waldron
Clerk of the Court
United States Court of Appeals
 for the Third Circuit
November 20, 2015
Page 3


Respectfully yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

s/ Michael H. Rubin

*Counsel for Defendant-Appellee*
GOOGLE INC.

cc:   Counsel of record for all parties via ECF