

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Phone 415.947.2000
Fax 415.947.2099

**Via ECF**

November 24, 2015

Marcia M. Waldron
Clerk of the Court
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
The James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

**Re:** *In re Nickelodeon Consumer Privacy Litigation*, **No. 15-1441, Defendant-Appellee Google Inc.'s Letter on the Impact of** *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, **No. 13-4300**

Dear Ms. Waldron:

Defendant-Appellee Google Inc. respectfully submits this letter concerning the impact of *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 13-4300 (*Google Cookie*) on the present appeal. As discussed below, *Google Cookie* requires dismissal of all but Plaintiffs' Video Privacy and Protection Act ("VPPA") (18 U.S.C. § 2710) claim.

*Google Cookie* addressed five causes of action that overlap with the claims at issue in this case:

- the Wiretap Act (18 U.S.C. § 2510);
- the Stored Communications Act ("SCA") (18 U.S.C. § 2701);
- California Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 631(a));

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Marcia M. Waldron
Clerk of the Court
November 24, 2015
Page 2

- California Comprehensive Computer Data Access and Fraud Act ("CCDAFA") (Cal. Penal Code § 502);[1] and
- common law invasion of privacy.[2]

Like Plaintiffs' allegations here, those claims were based on Google's alleged placement of third-party "tracking" cookies on the plaintiffs' browsers.

The *Google Cookie* Court affirmed dismissal of the Wiretap Act, the SCA, CIPA, and CCDAFA claims on grounds that compel dismissal of those same claims here. Although *Google Cookie* vacated dismissal of the California common law claim there, the decision—while not binding—is instructive as it turned on specific allegations that Plaintiffs did not and could not make here. In *Google Cookie*, Plaintiffs alleged that Google made statements in conflict with how it placed the cookies at issue, whereas here Plaintiffs make no allegations about which browsers they used, or their browser settings, or any relevant statements by Google whatsoever. The rationale of *Google Cookie* thus supports dismissal of the New Jersey common law privacy claim in this case.

The Wiretap Act

In *Google Cookie*, as here, the Wiretap Act claim was based on Google's alleged "interception" of plaintiffs' electronic communications using third-party cookies. *See* Amended Complaint, No. 12-md-02358-SLR (D. Del. Dec. 19, 2012), ECF No. 46 ("*Google Cookie* Compl."), ¶¶ 199-200; *see also* 1st CAC ¶¶ 137-40.

---

[1] As discussed below, both the CCDAFA and the New Jersey Computer Related Offense Act ("CROA") (N.J. Stat. §§ 2A:38A-1 to -6) require a showing of economic damage: the grounds upon which *Google Cookie* relied in dismissing the CCDAFA claim. *Compare* Cal. Penal Code § 502(e), *with* N.J. Stat. § 2A:38A-3.

[2] The California common law invasion of privacy claim parallels the New Jersey common law intrusion claim asserted here in all relevant respects. *Compare Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1072 (Cal. 2009), *with Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1115 (N.J. 2009).

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Marcia M. Waldron
Clerk of the Court
November 24, 2015
Page 3

Specifically, the *Google Cookie* plaintiffs' Wiretap Act claim was premised on allegations that their "browser[s] ... send ... GET requests to ... third-party [advertising] websites" like Google. *See Google Cookie* Compl. ¶¶ 41, 86-87, 205-08. Likewise here, the Plaintiffs premise their Wiretap Act claim on the allegation that their "browser[s] ... send ... a 'GET' request to ... the third-party [advertising] company" like Google. 2nd CAC ¶¶ 39, 25-29, 37-42.

*Google Cookie* affirmed dismissal of plaintiffs' Wiretap Act claim, finding that Google was an "intended recipient" of "GET requests that the plaintiffs' browsers sent directly to [Google's] servers." Slip Op. at 34, 35, 41. The Court held that Google thus could not violate the Wiretap Act because it was a "party to the communication" that it acquired. *Id.* at 41; 18 U.S.C. § 2511(2)(d). Plaintiffs' Wiretap Act here fails for the same reason.

The *Google Cookie* decision also forecloses Plaintiffs' arguments that the party exception is inapplicable here. First, Plaintiffs argue that Google obtained communications "despite knowledge that the Plaintiffs were minor children" who did not consent. 1st CAC ¶ 158. But that is beside the point—an intended recipient is simply "one who takes part in the conversation." *Id.* at 36; *see also id.* at 38-39 (noting that "[t]he Wiretap Act is a wiretapping statute" and rejecting the notion that alleged fraud or deceit by a defendant "would vitiate their claims to be parties to the relevant communications"). Second, Plaintiffs argue that Google's alleged interception was "done for the tortious purpose of intruding upon the Plaintiffs' seclusion," triggering the Act's crime-tort exception. 1st CAC ¶ 153; Opening Br. at 38-40; Slip Op. at 40. *Google Cookie* holds that the crime-tort exception does not apply where, as here, there is no allegation of an interception "for the purpose of a tortious or criminal act that [was] *independent* of the intentional act of recording." Slip Op. at 41 (emphasis in original) (quoting *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010)); *see also Sussman v. Am. Broadcasting Cos.*, 186 F.3d 1200, 1202-03 (9th Cir. 1999).

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Marcia M. Waldron
Clerk of the Court
November 24, 2015
Page 4

CIPA

The *Google Cookie* Court affirmed dismissal of the CIPA claim there for the same reasons it affirmed dismissal of the Wiretap Act claim: as a party to the alleged communications, Google could not violate CIPA because that statute is "aimed only at 'eavesdropping, or secret monitoring of conversations by third parties.'" Slip Op. at 56-57 (quoting *Ribas v. Clark*, 696 P.2d 637, 640 (Cal. 1985)). Because Google was a party to Plaintiffs' GET requests here, Google did not and could not violate CIPA.

The SCA

The SCA requires plaintiffs to allege illicit access to "a *facility* through which an electronic communication service is provided." 18 U.S.C. § 2701(a) (emphasis added); Slip Op. at 42. Like the *Google Cookie* plaintiffs, Plaintiffs here alleged that "web-browsers and computing devices" qualify as such facilities. 1st CAC ¶¶ 165-71; *Google Cookie* Compl. ¶¶ 214, 216-18.

The *Google Cookie* Court explicitly rejected that notion, holding that "'facility' is a term of art denoting where network service providers store private communications," and that personal computers are not facilities under the statute. Slip Op. at 46, 48. Without an SCA-protected facility, there can be no SCA claim. *See id.* at 48.

CROA

*Google Cookie* affirmed dismissal of the plaintiffs' CCDAFA claim for "fail[ure] to show damage or actual loss." *Id.* at 58 (citing Cal. Penal Code § 502(e)). Like CCDAFA, CROA similarly requires "damage[] in business or property." *See* N.J. Stat. § 2A:38A-3. *Google Cookie* found insufficient to show damage plaintiffs' allegations about the theoretical value of personal information—that "[p]ersonally [i]dentifiable [i]nformation is both 'currency' and a marketable 'commodity.'"

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Marcia M. Waldron
Clerk of the Court
November 24, 2015
Page 5

Slip. Op. at 49-50.[3] Plaintiffs' CROA claim fails for the same reason. Plaintiffs' claim relies entirely on abstract allegations about "[p]ersonal information ... as a form of currency," 2nd CAC ¶¶ 46-54, 153, without any allegation that "the defendants prevented them from capturing the full value of their internet usage information for themselves." Slip. Op. at 49-50. Without loss or damage, Plaintiffs cannot state a claim under CROA. *Id.*; *see also* Answering Br. at 18-20, 49-52 (discussing flaws in Plaintiffs' unjust enrichment theory).

Intrusion upon Seclusion

The *Google Cookie* Court's reasoning and reliance on the specific allegations at issue in that case show why Plaintiffs' intrusion claim fails here. The *Google Cookie* plaintiffs predicated their intrusion claim not simply on the routine placement of cookies and serving of advertising, but also on the allegations that Google both (i) allegedly placed the advertising cookie at issue in a manner that overrode their browser's default settings and (ii) contravened its public representations in doing so. Slip Op. at 12, 53, 55-56. *See id.* at 53 ("What is notable about this case is *how* Google accomplished its tracking."); *id.* at 54 (noting that how Google placed the cookies "raise[d] different issues than tracking or disclosure alone"). Thus, the *Google Cookie* decision rested on specific factual allegations regarding *how* Google allegedly placed its cookies in that case—*not* the mere act of placing cookies or serving advertisements. Plaintiffs' allegations here do not approach what the *Google Cookie* Court found sufficient to state an intrusion claim.

---

[3] While the *Google Cookie* Court makes these observations in the context of the plaintiffs' Computer Fraud and Abuse Act claims, it invokes the same reasoning in order to affirm dismissal of plaintiffs' CCDAFA claim. Slip Op. at 58.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Marcia M. Waldron
Clerk of the Court
November 24, 2015
Page 6

\*   \*   \*

As shown above, the *Google Cookie* decision precludes all of Plaintiffs' claims but for their VPPA claim—the rest simply cannot survive. For the same reasons stated in *Google Cookie*, this Court should affirm dismissal of Plaintiffs' claims for violation of the Wiretap Act, CIPA, the SCA, CROA, and common law intrusion. Separately, and for the reasons set forth in Google's Answering Brief, this Court should affirm dismissal of Plaintiffs' VPPA claim. *See* Answering Br. at 44-47.

Respectfully yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

s/ Michael H. Rubin

*Counsel for Defendant-Appellee*
GOOGLE INC.

cc:   Counsel of record for all parties via ECF